MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------X
FERNANDO RAMIREZ, *individually and on behalf of others similarly situated*,

                *Plaintiff*,

-against-

JASON & HARRY FOOD CORP. (D/B/A CAFE OLIVIERO), HARRY H. KIM, JASON KIM, and KENNY DOE,

                *Defendants*.
---------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Fernando Ramirez ("Plaintiff Ramirez" or "Mr. Ramirez"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against Jason & Harry Food Corp. (d/b/a Cafe Oliviero), ("Defendant Corporation"), Harry H. Kim, Jason Kim, and Kenny Doe, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1. Plaintiff Ramirez is a current employee of Defendants Jason & Harry Food Corp. (d/b/a Cafe Oliviero), Harry H. Kim, Jason Kim, and Kenny Doe.

2. Defendants own, operate, or control a restaurant, located at 850 7th Avenue, New York, NY 10019 under the name "Cafe Oliviero".

3. Upon information and belief, individual Defendants Harry H. Kim, Jason Kim, and Kenny Doe, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4. Plaintiff Ramirez has been employed as a cook at the restaurant located at 850 7th Avenue, New York, NY 10019.

5. At all times relevant to this Complaint, Plaintiff Ramirez has worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for the hours that he has worked.

6. Rather, Defendants have failed to maintain accurate recordkeeping of the hours worked, have failed to pay Plaintiff Ramirez appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7. Furthermore, Defendants have repeatedly failed to pay Plaintiff Ramirez wages on a timely basis.

8. Defendants' conduct has extended beyond Plaintiff Ramirez to all other similarly situated employees.

9. At all times relevant to this Complaint, Defendants have maintained a policy and practice of requiring Plaintiff Ramirez and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

10. Plaintiff Ramirez now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

11. Plaintiff Ramirez seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Ramirez's state law claims under 28 U.S.C. § 1367(a).

13. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a restaurant located in this district. Further, Plaintiff Ramirez has been employed by Defendants in this district.

## PARTIES

*Plaintiff*

14. Plaintiff Fernando Ramirez ("Plaintiff Ramirez" or "Mr. Ramirez") is an adult individual residing in New York County, New York.

15. Plaintiff Ramirez has been employed by Defendants at Cafe Oliviero from approximately June 2013 until on or about the present date.

16. Plaintiff Ramirez consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

17. At all relevant times, Defendants own, operate, or control a restaurant, located at 850 7th Avenue, New York, NY 10019 under the name "Cafe Oliviero".

18. Upon information and belief, Jason & Harry Food Corp. (d/b/a Cafe Oliviero) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 850 7th Avenue, New York, NY 10019.

19. Defendant Harry H. Kim is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Harry H. Kim is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Harry H. Kim possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Ramirez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

20. Defendant Jason Kim is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Jason Kim is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Jason Kim possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Ramirez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

21. Defendant Kenny Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Kenny Doe is sued individually in

his capacity as a manager of Defendant Corporation. Defendant Kenny Doe possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Ramirez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

22. Defendants operate a restaurant located in the Midtown West section of Manhattan in New York City.

23. Individual Defendants, Harry H. Kim, Jason Kim, and Kenny Doe, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

24. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

25. Each Defendant possessed substantial control over Plaintiff Ramirez's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Ramirez, and all similarly situated individuals, referred to herein.

26. Defendants jointly employed Plaintiff Ramirez (and all similarly situated employees) and are Plaintiff Ramirez's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

27. In the alternative, Defendants constitute a single employer of Plaintiff Ramirez and/or similarly situated individuals.

28. Upon information and belief, Individual Defendants Harry H. Kim and Jason Kim operate Defendant Corporation as either an alter ego of themselves and/or failed to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

   a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

   b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

   c) transferring assets and debts freely as between all Defendants,

   d) operating Defendant Corporation for their own benefit as the sole or majority shareholders,

   e) operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

   f) intermingling assets and debts of their own with Defendant Corporation,

   g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

   h) Other actions evincing a failure to adhere to the corporate form.

29. At all relevant times, Defendants have been Plaintiff Ramirez's employers within the meaning of the FLSA and New York Labor Law. Defendants have had the power to hire and fire Plaintiff Ramirez, have controlled the terms and conditions of employment, and have determined the rate and method of any compensation in exchange for Plaintiff Ramirez's services.

30. In each year from 2013 to the present date, Defendants have, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

31. In addition, upon information and belief, Defendants and/or their enterprise have been directly engaged in interstate commerce. As an example, numerous items that are used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

32. Plaintiff Ramirez is a current employee of Defendants who has been employed as a cook.

33. Plaintiff Ramirez seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Fernando Ramirez*

34. Plaintiff Ramirez has been employed by Defendants from approximately June 2013 until on or about the present date.

35. Defendants have employed Plaintiff Ramirez as a cook.

36. Plaintiff Ramirez has regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

37. Plaintiff Ramirez's work duties have required neither discretion nor independent judgment.

38. Throughout his employment with Defendants, Plaintiff Ramirez has regularly worked in excess of 40 hours per week.

39. From approximately June 2013 until the present date, Plaintiff Ramirez has worked from approximately 6:00 a.m. until on or about 4:00 p.m., Mondays through Saturdays (typically 60 hours per week).

40. Throughout his employment, Defendants have paid Plaintiff Ramirez his wages in cash.

41. From approximately June 2013 until on or about May 2014, Defendants paid Plaintiff Ramirez a fixed salary of $800 per week.

42. From approximately June 2014 until the present date, Defendants have paid Plaintiff Ramirez a fixed salary of $1000 per week.

43. Plaintiff Ramirez has not been required to keep track of his time, nor to his knowledge, have the Defendants utilize any time tracking device such as punch cards, that accurately reflect his actual hours worked.

44. On a number of occasions, Defendants have required Plaintiff Ramirez to sign a document, the contents of which he has not been allowed to review in detail, in order to release his weekly pay.

45. No notification, either in the form of posted notices or other means, has ever been given to Plaintiff Ramirez regarding overtime and wages under the FLSA and NYLL.

46. Defendants have never provided Plaintiff Ramirez an accurate statement of wages, as required by NYLL 195(3).

47. Defendants have never given any notice to Plaintiff Ramirez, in English and in Spanish (Plaintiff Ramirez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

48. Defendants have required Plaintiff Ramirez to purchase "tools of the trade" with his own funds—including a fan.

*Defendants' General Employment Practices*

49. At all times relevant to this Complaint, Defendants have maintained a policy and practice of requiring Plaintiff Ramirez (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate overtime compensation as required by federal and state laws.

50. Plaintiff Ramirez has been a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he has been owed for the hours he has worked.

51. Defendants' time keeping system has not reflect the actual hours that Plaintiff Ramirez has worked.

52. Defendants have willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

53. On a number of occasions, Defendants have required Plaintiff Ramirez to sign a document the contents of which he has not been allowed to review in detail.

54. Defendants have paid Plaintiff Ramirez his wages in cash.

55. Defendants have failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

56. Upon information and belief, these practices by Defendants have been done willfully to disguise the actual number of hours Plaintiff Ramirez (and similarly situated individuals) have worked, and to avoid paying Plaintiff Ramirez properly for his full hours worked.

57. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

58. Defendants' unlawful conduct is intentional, willful, in bad faith, and has caused significant damages to Plaintiff Ramirez and other similarly situated former workers.

59. Defendants have failed to provide Plaintiff Ramirez and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

60. Defendants have failed to provide Plaintiff Ramirez and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the

physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

61. Plaintiff Ramirez brings his FLSA overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

62. At all relevant times, Plaintiff Ramirez and other members of the FLSA Class have been similarly situated in that they have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records under the FLSA.

63. The claims of Plaintiff Ramirez stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

64. Plaintiff Ramirez repeats and realleges all paragraphs above as though fully set forth herein.

65. At all times relevant to this action, Defendants have been Plaintiff Ramirez's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants have had the power to hire and fire Plaintiff

Ramirez (and the FLSA Class members), have controlled the terms and conditions of employment, and have determined the rate and method of any compensation in exchange for his employment.

66. At all times relevant to this action, Defendants have been engaged in commerce or in an industry or activity affecting commerce.

67. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

68. Defendants, in violation of 29 U.S.C. § 207(a)(1), have failed to pay Plaintiff Ramirez (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

69. Defendants' failure to pay Plaintiff Ramirez (and the FLSA Class members), overtime compensation has been willful within the meaning of 29 U.S.C. § 255(a).

70. Plaintiff Ramirez (and the FLSA Class members) have been damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

71. Plaintiff Ramirez repeats and realleges all paragraphs above as though fully set forth herein.

72. Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, have failed to pay Plaintiff Ramirez overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

73. Defendants' failure to pay Plaintiff Ramirez overtime compensation is willful within the meaning of N.Y. Lab. Law § 663.

74. Plaintiff Ramirez has been damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

75. Plaintiff Ramirez repeats and realleges all paragraphs above as though fully set forth herein.

76. Defendants have failed to provide Plaintiff Ramirez with a written notice, in English and in Spanish (Plaintiff Ramirez's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

77. Defendants are liable to Plaintiff Ramirez in the amount of $5,000, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW

78. Plaintiff Ramirez repeats and realleges all paragraphs above as though fully set forth herein.

79. With each payment of wages, Defendants have failed to provide Plaintiff Ramirez with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

80. Defendants are liable to Plaintiff Ramirez in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

81. Plaintiff Ramirez repeats and realleges all paragraphs above as though fully set forth herein.

82. Defendants have required Plaintiff Ramirez to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

83. Plaintiff Ramirez has been damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE TIMELY PAYMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

84. Plaintiff Ramirez repeats and realleges all paragraphs above as though set forth fully herein.

85. Defendants have not paid Plaintiff Ramirez on a regular weekly basis, in violation of NYLL §191.

86. Defendants are liable to Plaintiff Ramirez in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Ramirez respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Ramirez and the FLSA Class members;

(c) Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Ramirez's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d) Declaring that Defendants' violations of the provisions of the FLSA are willful as to Plaintiff Ramirez and the FLSA Class members;

(e) Awarding Plaintiff Ramirez and the FLSA Class members damages for the amount of unpaid overtime compensation and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f) Awarding Plaintiff Ramirez and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g) Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Ramirez;

(h) Declaring that Defendants have violated the timely payment provisions of the NYLL as to Plaintiff Ramirez;

(i) Declaring that Defendants have violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Ramirez's compensation, hours, wages and any deductions or credits taken against wages;

(j) Declaring that Defendants' violations of the provisions of the NYLL are willful as to Plaintiff Ramirez;

(k) Awarding Plaintiff Ramirez damages for the amount of unpaid overtime compensation, and for any improper deductions or credits taken against wages as applicable

(l) Awarding Plaintiff Ramirez damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(m) Awarding Plaintiff Ramirez liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(n) Awarding Plaintiff Ramirez and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(o)     Awarding Plaintiff Ramirez and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(p)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Ramirez demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

   July 24, 2018

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:     /s/ Michael Faillace
   Michael Faillace [MF-8436]
   60 East 42nd Street, Suite 4510
   New York, New York 10165
   Telephone: (212) 317-1200
   Facsimile: (212) 317-1620
   *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

---

Faillace@employmentcompliance.com

July 23, 2018

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.  
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                Fernando Ramirez

Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                 23 de julio de 2018