```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------X
FERNANDO RAMIREZ,                      :

                    Plaintiff,         :    18 Civ. 6653 (HBP)

     -against-                         :    ORDER

JASON & HARRY FOOD CORP.,              :
et al.,
                                       :
                    Defendants.
                                       :
--------------------------------------X
```

PITMAN, United States Magistrate Judge:

I held a settlement conference in this matter on January 8, 2019. A settlement was reached at the conference, and this matter is now before me on the parties' joint application to approve the settlement (Letter of Michael Faillace, Esq., to the undersigned, dated May 9, 2019 (Docket Item ("D.I.") 27) ("Faillace Letter")). All parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c).

Plaintiff alleges that he worked at defendants' restaurant beginning in June 2013 as a cook (Complaint, dated July 24, 2018 (D.I. 1) ¶¶ 34-35). Plaintiff's employment with defendants ended in October 2018 (Faillace Letter at 1). Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and the New York Labor Law ("NYLL"),

claiming that defendants failed to pay him the required overtime premium pay and failed to provide him with wage notices and wage statements (Compl. ¶¶ 64-80). According to plaintiff, defendants owe him approximately $193,500.00 in back wages, and his total damages are approximately $444,859.97 (Faillace Letter at 2).

Defendants deny all of plaintiff's claims and produced "voluminous" employment records that they contend either disprove plaintiff's claims or significantly reduce them (Faillace Letter at 2).

As noted above, I presided over a settlement conference in this matter on January 8, 2019. At the conference, defendants informed me that the New York State Department of Labor had conducted an investigation concerning defendants' wage and record-keeping practices during the period from February 2014 to February 2017 and concluded that defendants owed plaintiff $6,674.06 in unpaid wages. After a discussion of the strengths and weaknesses of the parties' respective positions, I made a mediator's proposal that the matter settle for the total sum of $75,000.00. The parties agreed to the material terms of the settlement and submitted the proposed settlement agreement for judicial approval on May 9, 2019 (Settlement Agreement and Release, annexed to Faillace Letter (D.I. 27-1) ("Settlement Agreement")). The Settlement Agreement provides that defendants

will pay a total amount of $75,000.00 -- $50,002.51 to be paid to plaintiff and $24,997.49 to be paid to plaintiff's counsel for fees and costs (Settlement Agreement ¶ 1). This $75,000.00 is to be paid in installments every 30 days starting 60 days after the Court's approval of the Settlement Agreement, with an initial payment of $25,000.00, 17 subsequent payments of $2,777.77 and a final installment of $2,777.91 (Settlement Agreement ¶ 1).

> Judicial approval of an FLSA settlement is appropriate
>
> "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." Johnson v. Brennan, No. 10 Civ. 4712, 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Id. (citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 n.8 (11th Cir. 1982)).

Agudelo v. E & D LLC, 12 Civ. 960 (HB), 2013 WL 1401887 at *1 (S.D.N.Y. Apr. 4, 2013) (Baer, D.J.) (alterations in original). "Generally, there is a strong presumption in favor of finding a settlement fair, [because] the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (Gorenstein, M.J.) (internal quotation marks omitted). In Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), the Honorable Jesse M. Furman,

United States District Judge, identified five factors that are relevant to an assessment of the fairness of an FLSA settlement:

> In determining whether [a] proposed [FLSA] settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

(internal quotation marks omitted). The settlement here satisfies these criteria.

First, plaintiff's net settlement -- $50,002.51 after the deduction of attorneys' fees and costs -- represents more than 11% of his total alleged damages and more than 25% of his claimed unpaid wages. Although this percentage is modest, it is reasonable, especially given the potential obstacles to plaintiff's recovery. Here, the Department of Labor's conclusion that defendants owed plaintiff only $6,674.06 in unpaid wages for the period from February 2014 to February 2017 -- more than half of plaintiff's employment with defendants -- strongly suggests that plaintiff's claim of $193,500.00 in unpaid wages is overstated. Furthermore, although plaintiff contests the veracity of defendants' employment records, they present an additional obstacle to

4

plaintiff's recovery. Thus, plaintiff's net settlement is reasonable. See Villanueva v. 179 Third Avenue Rest Inc., 16 Civ. 8782 (AJN), 2018 WL 4100479 at * (S.D.N.Y. Aug. 28, 2018) (Nathan, D.J.) (net settlement of less than 6% is reasonable where "the weight of the obstacles to such recovery militates in favor of finding [the] settlement reasonable." (internal quotation marks omitted)).

Second, the settlement will entirely avoid the expense and aggravation of litigation. Because the action settled prior to the completion of discovery, the parties will be able to avoid the ongoing expense of exchanging documents and taking depositions.

Third, the settlement will enable plaintiff to avoid the risk of litigation. Defendants denied plaintiff's allegations and presented documentary evidence which, if credited, contradicts plaintiff's claims. Given this documentary evidence and the fact that plaintiff bears the burden of proof, it is uncertain whether, or how much, plaintiff would recover at trial.

Fourth, because I presided over the settlement conference that immediately preceded plaintiff's acceptance of the settlement, I know that the settlement is the product of arm's-length bargaining between experienced counsel. As noted above, the final settlement terms were suggested by the undersigned.

5

Fifth, there are no factors here that suggest the existence of fraud. The fact that I suggested the settlement terms conclusively negates the possibility of fraud or collusion.

The Settlement Agreement contains mutual general releases (Settlement Agreement ¶ 2). Generally, "courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" Martinez v. Gulluoglu LLC, 15 Civ. 2727 (PAE), 2016 WL 206474 at *2 (S.D.N.Y. Jan. 15, 2016) (Engelmayer, D.J.), quoting Lopez v. Nights of Cabiria, LLC, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015) (Kaplan, D.J.); accord Barbecho v. M.A. Angeliades, Inc., 11 Civ. 1717 (HBP), 2017 WL 1194680 at *2 (S.D.N.Y. Mar. 30, 2017) (Pitman, M.J.); Hyun v. Ippudo USA Holdings, 14 Civ. 8706 (AJN), 2016 WL 1222347 at *3-*4 (S.D.N.Y. Mar. 24, 2016) (Nathan, D.J.); Leon-Martinez v. Central Café & Deli, 15 Civ. 7942 (HBP), 2016 WL 7839187 at *1 (S.D.N.Y. Dec. 19, 2016) (Pitman, M.J.).

However, general releases may be permitted where the plaintiff is no longer employed by defendants, the releases were negotiated by competent counsel for both sides and the releases are mutual. See Snead v. Interim HealthCare of Rochester, Inc., 16-CV-06550 (EAW), 2018 WL 1069201 at *6 (W.D.N.Y. Feb. 26,

6

2018); Geskina v. Admore Air Conditioning Corp., 16 Civ. 3096 (HBP), 2017 WL 1743842 at *2 (S.D.N.Y. May 3, 2017) (Pitman, M.J.); Cionca v. Interactive Realty, LLC, 15 Civ. 5123 (BCM), 2016 WL 3440554 at *3-*4 (S.D.N.Y. June 10, 2016) (Moses, M.J.); Lola v. Skadden, Arps, Meagher, Slate & Flom LLP, 13 Civ. 5008 (RJS), 2016 WL 922223 at *2 (S.D.N.Y. Feb. 3, 2016) (Sullivan, then D.J., now Cir. J.); Souza v. 65 St. Marks Bistro, 15 Civ. 327 (JLC), 2015 WL 7271747 at *5 (S.D.N.Y. Nov. 6, 2015) (Cott, M.J.). General mutual releases in cases "with former employees who have no ongoing relationship with the employer, make[] sense in order to bring complete closure" in FLSA settlements. Souza v. 65 St. Marks Bistro, supra, 2015 WL 7271747 at *5. Here, plaintiff is no longer employed by defendants, the releases were negotiated by competent counsel for both sides and the releases are mutual. Therefore, I approve the release provisions of the Settlement Agreement.

Finally, the Settlement Agreement provides that $24,997.49 will be paid to plaintiff's counsel for attorneys' fees and costs (Settlement Agreement ¶ 1). I find plaintiff's counsel's request for $24,997.49 -- slightly less than one-third of the total settlement -- to be reasonable and appropriate. See Santos v. EL Tepeyac Butcher Shop Inc., 15 Civ. 814 (RA), 2015 WL 9077172 at *3 (S.D.N.Y. Dec. 15, 2015) (Abrams, D.J.) ("[C]ourts

in this District have declined to award more than one third of the net settlement amount as attorney's fees except in extraordinary circumstances."), citing Zhang v. Lin Kumo Japanese Rest. Inc., 13 Civ. 6667 (PAE), 2015 WL 5122530 at *4 (S.D.N.Y. Aug. 31, 2015) (Engelmayer, D.J.) and Thornhill v. CVS Pharm., Inc., 13 Civ. 507 (JMF), 2014 WL 1100135 at *3 (S.D.N.Y. Mar. 20, 2014) (Furman, D.J.); Rangel v. 639 Grand St. Meat & Produce Corp., 13 CV 3234 (LB), 2013 WL 5308277 at *1 (E.D.N.Y. Sept. 19, 2013) (approving attorneys' fees of one-third of FLSA settlement amount, plus costs, pursuant to plaintiff's retainer agreement, and noting that such a fee arrangement "is routinely approved by courts in this Circuit"). Thus, plaintiff's counsel is awarded $24,997.49 for attorneys' fees and costs.

Accordingly, for all the foregoing reasons, I approve the settlement in this matter. In light of the settlement, the action is dismissed with prejudice and without costs. The Clerk is respectfully requested to mark this matter closed.

Dated:  New York, New York
        September 25, 2019

SO ORDERED

*/s/ Henry Pitman*

HENRY PITMAN
United States Magistrate Judge

8

Copies transmitted to:

All Counsel